NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SEAN WASHINGTON, | : | |
| Plaintiff, | : | Civ. No. 05-3715 (AET) |
| v. | : | MEMORANDUM & ORDER |
| CORRECTIONAL MEDICAL SERVICES, et al., | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

I.  Introduction

This matter comes before the Court upon (1) the Motion to Dismiss, or in the alternative, for Summary Judgment brought by Defendants Commissioner Devon Brown, Lieutenant Jones, Sergeant Hall, and Corrections Officers C. White and R. L. Johnson (collectively, the "State Defendants"), and (2) Plaintiff's Second Motion for an Extension of Time to file responsive papers to the State Defendants' Motion.  The Court has considered the submissions of the parties without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons below, the Court will grant in part and deny in part the State Defendants' Motion to Dismiss, and will grant Plaintiff's Motion for an Extension of Time.

II.  Discussion

  A.  Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

The Court may grant a motion to dismiss for failure to state a claim upon which relief can

be granted under Fed. R. Civ. P. 12(b)(6) if, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003) (citations omitted). The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The focus of the Court's Rule 12(b)(6) analysis "is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims." Oatway, 325 F.3d at 187.

       1.     Section 1983 Claims Against State Defendants

Plaintiff brings his action pursuant to 42 U.S.C. § 1983, and bases his claims on violations of the Eighth Amendment and Title II of the Americans with Disabilities Act ("ADA"). To state a claim under § 1983, Plaintiff must establish (1) that the complained of conduct was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of constitutional or federal rights. Starr v. Price, 385 F. Supp. 2d 502, 506 (M.D. Pa. 2005). In considering who may be sued, the Supreme Court has found that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). In addition, the Eleventh Amendment bars suits against a State and state officials in their official capacity. See id. at 66-67; see also Hafer v. Melo, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State.").

A plaintiff, however, may still "seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 502 U.S. at 25 (emphasis added). To do so, a plaintiff must allege that the defendant had "personal involvement in the alleged wrongs

[either by] personal direction or . . . actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). A plaintiff may not allege liability solely based on respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Here, Plaintiff seeks to sue State Defendants in both their individual and official capacities. Because state officials acting in their official capacity are not "persons," and also have immunity under the Eleventh Amendment, Plaintiff's § 1983 claims against the State Defendants in their official capacity must be dismissed.

In addition, to pursue claims against the State Defendants in their individual capacities, Plaintiff must allege that each defendant either personally directed or actually knew of and acquiesced to illegal conduct. Rode, 845 F.2d at 1207. Plaintiff has alleged such personal involvement by Defendants Jones, Hall, White, and Johnson. Thus, the claims against those particular State Defendants will be allowed to proceed. Plaintiff, however, has not alleged personal direction or actual knowledge and acquiescence of illegal conduct against him by Defendant Brown. Plaintiff does allege that Defendant Brown "was made aware of the constitutional violation visited upon the Plaintiff by agents of CMS and the DOC. Yet, [sic] did nothing and is doing nothing to curb their actions." (Compl. ¶ 13.) Later, however, Plaintiff elaborates by explaining that he wrote two letters to Defendant Brown, but that "a Mr. James Barbo, Director of Operation" responded to the letters. (Compl. ¶¶ 32-33.) These allegations do not establish enough direct personal involvement on the part of Defendant Brown to sustain a claim against him in his individual capacity. As a result, the Court will dismiss Plaintiff's § 1983 claims against Defendant Brown.

      2.      Americans with Disabilities Act Claim

State Defendants argue that Plaintiff's ADA claim should be dismissed because Plaintiff has failed to allege a prima facie case. To establish a violation under Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability, (2) who is subjected to discrimination by a public entity, or is excluded from participation in or is denied the benefits of the services, programs, or activities of such entity, (3) because of his disability. 42 U.S.C. § 12132.

A "qualified individual with a disability" is defined as

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2). A disability is defined as "a physical or mental impairment that substantially limits one or more of the major life activities." 42 U.S.C. § 12102(2)(A). Major life activities include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).

As a state inmate, Plaintiff is entitled to the protections of Title II of the ADA. Pa. Dep't of Corrs. v. Yeskey, 524 U.S. 206, 213 (1998). Plaintiff indicates in his Complaint that he has multiple sclerosis ("MS") and that, as a result, he has difficulty walking without crutches. For the purposes of a motion to dismiss, this is sufficient to establish that Plaintiff may be a qualified individual with a disability. Plaintiff bases his ADA claims on allegations that prison officials took away his crutches in the prison library, and also at a prison banquet event. See Crawford v. Ind. Dep't of Corrs., 115 F.3d 481, 483 (7th Cir. 1997) (finding that use of the prison library and

dining hall were activities protected by Title II of the ADA). Taking Plaintiff's allegations as true under the standard for Rule 12(b)(6), the Court finds that Plaintiff has alleged a prima facie case under the ADA. See Schmidt v. Odell, 64 F. Supp. 2d 1014, 1032-33 (D. Kan. 1999). As a result, the Court will not dismiss the ADA claim at this time.

    B.    Motion for Summary Judgment

When a party styles its motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment under Fed. R. Civ. P. 56, and attaches material outside the pleadings to its motion papers, a court "has the discretion to accept the extraneous material and convert the motion into one for summary judgment." Gunson v. James, 364 F. Supp. 2d 455, 460-61 (D.N.J. 2005); see also Fed. R. Civ. P. 12(b). State Defendants have advanced summary judgment arguments for certain issues raised in their motion. Both State Defendants and Plaintiff have proffered materials with regard to those issues. For the purpose of deciding whether summary judgment should be granted, the Court will consider those materials and will apply the summary judgment standard to the relevant portions of the motion. See Abuhoran v. Morrison, No. Civ. A. 03-3091, 2005 WL 2140537, at *3 (E.D. Pa. Sept. 1, 2005) (applying the standard for summary judgment to a portion of a motion to dismiss).

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding whether summary judgment should be granted, the Court considers "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," Fed. R. Civ. P. 56(c), and construes all facts and inferences in the

light most favorable to the nonmoving party. Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002). Only evidence that would be admissible at trial will be considered. Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 387 n.13 (3d Cir. 1999).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323; Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 414 (3d Cir. 1999). If the nonmoving party would bear the burden of persuasion at trial, the moving party may discharge this prima facie burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party "'to make a showing sufficient to establish the existence of an element essential to that party's case.'" Padillas, 186 F.3d at 414 (quoting Celotex, 477 U.S. at 322). To successfully defend against a motion for summary judgment, a plaintiff cannot merely rely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

    1.    Deliberate Indifference

Plaintiff claims in his Complaint that State Defendants violated his rights under the Eighth Amendment because they have exhibited "deliberate indifference" through the administration of their "policies, practices, actions, and non-actions." (Compl. ¶ 91.) The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners" constitutes a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). For a court to find that there was "deliberate indifference," (1) Plaintiff's medical needs must be serious and (2) the prison officials must have exhibited deliberate indifference. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (1987). A "serious medical need" is

"one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Id. at 347. "Deliberate indifference" means that "the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). However, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Id. at 838.

      Here, the remaining State Defendants, Jones, Hall, White, and Johnson, are alleged to have deprived Plaintiff of his crutches while he was using the prison library and while he was attending a prison banquet hall event. Plaintiff alleges that he has MS, and that this medical condition requires him to use crutches to walk. State Defendants do not dispute this. Rather, State Defendants argue that they could not have been deliberately indifferent because they are not physicians and did not provide specific medical care to Plaintiff. They support their argument by citing Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993), a case in which the Third Circuit upheld a ruling that two non-physician prison officials were not deliberately indifferent when they did not respond to a prisoner's medical complaints where the prisoner was already being treated.

      In this case, the issue is whether the confiscation of Plaintiff's crutches could constitute deliberate indifference. For the answer to be yes, the State Defendants would have to have known about and disregarded an excessive risk to Plaintiff's health or safety. Because Plaintiff has not made a showing that State Defendants knew that confiscating his crutches would pose an excessive risk to his health or safety, the Court will grant summary judgment in favor of the State

Defendants on Count I of the Complaint.

    2.    Qualified Immunity

The Court will consider the State Defendant's arguments for qualified immunity with respect to Plaintiff's remaining § 1983 claim under Title II of the ADA. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Court engages in a two-step inquiry to determine whether qualified immunity should be applied. First, the plaintiff must have alleged the deprivation of a statutory or constitutional right. Wilson v. Layne, 526 U.S. 603, 609 (1999). Second, the right must be clearly established, meaning that it must be "clear to a reasonable [government official] that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001). If neither of these steps are met, then the government officials are entitled to the protection of qualified immunity.

The first part of the test is met by Plaintiff's allegation that he has been deprived of his rights under the ADA. The Court concludes, however, that there is a genuine issue of material fact as to the second part of the test, which inquires whether the State Defendants acted unreasonably under the circumstances when they took away Plaintiff's crutches. See Wright v. City of Philadelphia, 409 F.3d 595, 599 (3d Cir. 2005); Grant v. City of Pittsburgh, 98 F.3d 116, 122-23 (3d Cir. 1996). Thus, the Court finds that it would be inappropriate at this time to grant summary judgment on Count III of the Complaint in favor of the State Defendants based on qualified immunity.

### 3. Punitive Damages

State Defendants contend that summary judgment should be granted in their favor on Plaintiff's claim for punitive damages because Plaintiff has not established that any State Defendant acted with an "evil motive" or "callous indifference." A plaintiff may assert a claim for punitive damages in a § 1983 case where the "defendants have acted with a 'reckless or callous disregard of, or indifference to, the rights and safety of others.'" Keenan v. City of Philadelphia, 983 F.2d 459, 469-70 (3d Cir. 1992). Punitive damages are generally a limited remedy reserved for rare circumstances. Id. The Court finds that Plaintiff has not brought evidence that would support his claim that the State Defendants acted with "reckless or callous disregard of, or indifference to, the rights and safety of others." Id. Thus, the Court will grant summary judgment to the State Defendants on Count IV of the Complaint.

### C. Standing

State Defendants argue that Plaintiff's breach of contract claim should be dismissed because Plaintiff lacks standing. Plaintiff alleges that he is an intended third-party beneficiary of the contract between Defendant Correctional Medical Services and the State of New Jersey. He bases his claim on N.J. Stat. Ann. § 2A:15-2, which provides: "A person for whose benefit a contract is made, either simple or sealed, may sue thereon in any court . . . although the consideration of the contract did not move from him." Under New Jersey law, a third-party may only enforce a contract if it is an intended beneficiary, rather than a mere incidental beneficiary. See Rieder Communities, Inc. v. Twp. of N. Brunswick, 546 A.2d 563, 566 (N.J. Super. Ct. App. Div. 1988). To determine whether a third-party is an intended beneficiary, New Jersey courts look to whether the contracting parties have expressly intended for that third-party to "receive a

benefit which might be enforced in the courts." Airmaster Sales Co. v. N. Bridge Park Co-op, Inc., 748 F. Supp. 1110, 1117-18 (D.N.J. 1990).  State Defendants allege that the parties' intent was to "achieve an economic and efficient method by which to fulfill a constitutionally mandated government function."  (Def.'s Br. 38.)  State Defendants also cites two unpublished District of New Jersey opinions where judges previously ruled that inmates do not have standing to sue on the contract between Defendant Correctional Medical Services and the State of New Jersey.  Allmond v. McDowell, Civ. No. 98-3733 (D.N.J. April 16, 2001); Mann v. Barbo, Civ. No. 00-2215 (D.N.J. July 24, 2001).  Plaintiff has not provided any evidence to support an argument that the contract contains language that would make him an intended beneficiary with standing to sue.  As a result, the Court concludes that Plaintiff may not maintain his breach of contract claim.  Accordingly, the Court will dismiss Count II of the Complaint.

   D. Motion for Extension of Time

  The Court may extend the time to respond to a motion "where the failure to act was the result of excusable neglect."  Fed. R. Civ. P. 6(b); Local Civil Rule 7.1(b)(1).  Plaintiff has made a second request for additional time due to complications with his medical condition and problems accessing the law library.  Plaintiff's request is unopposed.  Because the Court finds that Plaintiff's late response was due to excusable neglect, it will grant Plaintiff's motion.  Accordingly, the Court has considered both Plaintiff's opposition papers and the State Defendants' reply papers.

III. Conclusion

  For the foregoing reasons, and for good cause shown,

  IT IS on this 28th day of April, 2006,

ORDERED that the State Defendants' Motion to Dismiss or for Summary Judgment [11] is GRANTED IN PART AND DENIED IN PART; and it is further

ORDERED that claims against the State Defendants in their official capacities are DISMISSED; and it is further

ORDERED that Defendant Devon Brown is DISMISSED from the case; and it is further

ORDERED that summary judgment is GRANTED in favor of the State Defendants on Count I of the Complaint; and it is further

ORDERED that summary judgment is GRANTED in favor of the State Defendants on Count IV of the Complaint; and it is further

ORDERED that Count II of the Complaint is DISMISSED; and it is further

ORDERED that Plaintiff's Second Motion for an Extension of Time [22] is GRANTED.


                                                    s/ Anne E. Thompson  
                                                  ANNE E. THOMPSON, U.S.D.J.