NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
JUL 24 2007
AT 8:30_____M
WILLIAM T. WALSH
CLERK

SEAN WASHINGTON,

    Plaintiff,

v.

CORRECTIONAL MEDICAL SERVICES, et al.,

    Defendants.

Civil No. 05-3715 (AET)

**MEMORANDUM & ORDER**

THOMPSON, U.S.D.J.

This matter is before the Court on pro se Plaintiff's Motion[1] for Reconsideration of this Court's December 29, 2006 Memorandum and Order granting the Motion for Summary Judgment brought by Defendants Lieutenant Frank Jones, Sergeant Gregory Hall, and Senior Corrections Officers Charles White and Raymond Johnson (collectively, "the State Defendants"). The Court has considered the written submissions of the parties without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, the Court denies Plaintiff's Motion.

In the December 29, 2006 Order, this Court granted the State Defendants' Motion for Summary Judgment on qualified immunity grounds. The Court first found that, taking a

---

[1] Plaintiff filed a letter brief in support of this Motion, but not a formal notice of motion. Thus, the Clerk of the Court noted Plaintiff's brief as "in support of UNFILED Motion for Reconsideration" [docket entry # 87]. In light of Plaintiff's pro se status, the Court exercises its discretion to treat Plaintiff's informal submission as a formal motion and to act upon it. See, e.g., Andrews v. Holloway, No. 95-1047, 2003 U.S. Dist. LEXIS 16961, at *14 (D.N.J. Sept. 29, 2003); United States v. Manzo, 279 F. Supp. 2d 558, 561 n.3 (D.N.J. 2003).

favorable view of the facts alleged, Plaintiff showed deprivation of an actual constitutional right in the State Defendants' removal of his crutches on two occasions. Washington v. Corr. Med. Servs., No. 05-3715 (AET), U.S. Dist. LEXIS 93967, at *8-10 (D.N.J. Dec. 29, 2006). Second, however, the Court found the State Defendants entitled to qualified immunity, as they reasonably failed to understand that temporarily removing Plaintiff's crutches violated his constitutional right, because: (1) they acted pursuant to the prison's legitimate policy restricting the use of crutches in areas where they may be used as weapons; (2) they did not actively prevent Plaintiff from participating in and benefitting from the prison's services; and (3) the contours of the right to retain crutches while using a prison's services are not sufficiently clear. Id. at *10-12.

Here, Plaintiff argues that the Court erred because "[t]here are material issues of fact that are in dispute that preclude[] summary judgment." (Pl.'s Letter Br. 5.) Essentially, Plaintiff argues that the State Defendants knew that temporarily removing his crutches violated his constitutional right because other prisoners and staff members have been permitted to enter the prison's law library with canes and crutches. (Id. at 6-7.) The State Defendants argue that Plaintiff simply disagrees with the Court's ruling, and thus, has failed to establish a valid ground for reconsideration of the Court's December 29, 2006 Order. (State Defs.' Letter Br. 2-5.)

As Plaintiff does not argue an intervening change in the controlling law or the availability of new evidence that was not previously available, the Court may grant Plaintiff's Motion only if he establishes "the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "[R]econsideration is an extraordinary remedy, that is granted very sparingly." Brackett v. Ashcroft, No. 03-3988,

2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003).  Under Local Civil Rule 7.1(i), the movant must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."  D.N.J. Civ. R. 7.1(i).  In other words, the movant may address only matters that were presented to the Court, but not considered in making the decision at issue.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  A party asserting a difference of opinion with a court's decision should not bring a motion for reconsideration; rather, he or she should seek relief through the normal appellate process.  Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988).

In deciding the State Defendants' Motion for Summary Judgment, the Court considered Plaintiff's argument, contained in his opposition and in the attached exhibits, that other persons used canes and crutches throughout the prison.  Nonetheless, the Court found the State Defendants entitled to qualified immunity.  Although Plaintiff disagrees with the Court's ruling, Plaintiff has not shown the need to correct a clear error of law or fact, or to prevent manifest injustice.  Quinteros, 176 F.3d at 677.  As such, Plaintiff's appropriate course of action is to file an appeal, not to bring a motion for reconsideration.  See Chicosky, 979 F. Supp. at 318.  As a result, the Court will not reconsider the ruling at issue.

For the foregoing reasons and for good cause shown,

It is on this 17th day of July, 2007,

**ORDERED** that Plaintiff's Motion for Reconsideration [87] is **DENIED.**

_____
ANNE E. THOMPSON, U.S.D.J.